David Maynard ⎫
vs. ⎬ No. 89928.
Yankee Lines, Inc. ⎭

November 8, 1933.

FROST, J. Heard on defendant's motion for new trial after verdict for the plaintiff in the sum of $450.

This is an action brought to recover for personal injuries and property damage resulting from a collision of an automobile driven by the plaintiff and a passenger bus driven by an agent and servant of the defendant, on the morning of July 2, 1932.

The plaintiff, with two companions, had driven from Wiscasset, Maine, and about five o'clock in the morning was on the highway leading from Haver-

hill, Massachusetts, to Lawrence in the same State. The roadway was of cement construction with two lanes, each ten and one-half feet in width. On each side of the cement construction there was a shoulder of gravel, three feet in width. At or about the place of the accident there was on the westerly side of the road a cement retaining wall, while a car-track lay to the east of the vehicular roadway. There was a slight curve in the road extending southerly from the wall.

The testimony of the three occcupants of the automobile was substantially that the driver of the bus turned to his left into the westerly lane, continued in it for approximately 200 feet and then turned to his right again to return to his own side; that when it seemed that the operator of the bus was continuing directly in the path of the automobile, Maynard turned to his left and the bus struck on the left front of the automobile. Kennan, who was on the rear seat, testified that at the time of the impact the sedan in which he had been riding was on its right side of the road while the bus was partly on the right and partly on the left of the road.

Bishop, the operator of the bus, testified that he was proceeding on the right side of the road; that, while there, the sedan swerved over on his side of the roadway and the cars came together. He further testified that Maynard said to him that he thought he, Bishop, was going to make a left turn.

There was testimony that somewhat southerly of the retaining wall and on the same side there was a gasoline station and between it and the wall a driveway.

Roy B. Chase, a motor vehicle inspector, visited the scene of the accident a few hours after the accident occurred. He found marks in the road two feet over the center line toward

the track, which marks extended to a pole near the retaining wall, a distance of about forty feet.

What caused two machines to collide with each other on a smooth roadway, free from other traffic and amply wide enough for the ordinary requirements of two vehicles, is not clear. Bishop started from New York City at nine o'clock on July 1st to go to Haverhill. He had trouble of some sort near Gardner, Massachusetts, and while his bus was being repaired had an opportunity to sleep in a chair for a period of about three hours. It was argued by counsel that due to the strain of driving and because of lack of sleep Bishop may have lost consciousness for a few moments during which time his machine may have gone into the left hand lane.

If one accepts the testimony of Maynard and his companions as true, it would seem that Bishop did something or was in a position at some time to cause Maynard to believe that he was about to make a left turn. It seems significant that Bishop told Capt. Ryan that Maynard said to him, Bishop, that he thought he, Bishop, was going to make a left turn. It also appears, according to Capt. Ryan, that Maynard told him the same thing.

Inspector Chase testified to certain marks on the road but the purport of his testimony is not clear. It does not seem to the Court to refute necessarily the evidence of the plaintiff on the question of liability for the accident.

Turning to the defendant's story of the accident, Bishop testified that Maynard swerved to his side of the road and the bus struck the sedan on the right front wheel as the machine cut diagonally across the path of the bus. Why Maynard did this, if he did, does not appear.

It is clear that the case presented a question of fact for the jury. Very emphatically the case presented a situation that might well be viewed differently by different men. The jury accepted the stories of Maynard, Kennan and Baribeau as against that of Bishop. The Court is unable to say that the jury's conclusion as to defendant's negligence is against the weight of the evidence. Assuming Maynard's testimony to be true, it clearly was for the jury to say whether he did other than what he reasonably should have done under the emergency that presented itself to him.

As to the damages, counsel argued that Maynard's property loss was $450. The jury gave nothing for personal injuries which, as a matter of fact, appeared to be of little consequence.

Upon a careful consideration of the entire case, the Court is of the opinion that the verdict does justice between the parties and defendant's motion is therefore denied.

For plaintiff: John R. Higgins.

For defendant: Hinckley, Allen, Tillinghast, Phillips & Wheeler.